H. J. Sherwood, Inc., v. Fibeco, Inc.

[Cite as H. J. Sherwood, Inc., v. Fibeco, Inc.,
13 Ohio Misc. 269.]

(No. 845333—Decided June 29, 1967.)

Common Pleas Court of Cuyahoga County.

*Messrs. Baker, Hostetler & Patterson, Mr. Norman S. Jeavons, Mr. William C. McCoy* and *Mr. Vincent Greene,* for plaintiff.

*Messrs. Fay, Sharpe & Mulholland, Mr. John H. Mulholland, Mr. Fred Siegel* and *Mr. Ronald P. Kananen,* for defendants.

## Finding of Fact

Finefrock, J., sitting by assignment. The plaintiff, H. J. Sherwood, Inc., manufactures, among other things, ceramic cores, and has captured 70 per cent or more of that market which go to a very limited field of purchasers. Plaintiff claims to have secret and confidential chemical formulae, formulations, knowledge and techniques for the manufacture and sale of these ceramic cores.

The individual defendants, Dudek, Hopton and Fox, were all at one time employees of the plaintiff. Mr. Hopton worked for the plaintiff from January 1959, until Octo-

ber of 1966, and signed a nondisclosure agreement in 1961. Mr. Dudek worked for the plaintiff from 1960 until late 1965 and signed his second nondisclosure agreement in November 1961. Mr. Fox worked for the plaintiff from May of 1966 until October 1966, having signed a nondisclosure agreement May 6, 1966.

The three individual defendants are the sole stockholders of defendant Fibeco, Inc. Two of the individual defendants, Hopton and Fox, were still in the employ of plaintiff when defendant Fibeco corporation was formed (September 9, 1966). Shortly after the cessation of employment by the individuals a ceramic core was produced by the defendant Fibeco, Inc., that was very close in composition, manufacture and use to that produced by the plaintiff.

The defendants' Exhibit 4 is a letter dated January 3, 1966, directed to the Brown Engineering Company, then a new employer of Mr. Dudek, by the plaintiff, a carbon copy being shown as having been sent to Mr. Dudek. This letter explains in detail the nondisclosure agreement and the confidential and trade secret claims of plaintiff H. J. Sherwood, Inc.

In Mr. Dudek's deposition he states on page 22 that the November 13, 1961, agreement was the second nondisclosure agreement he had signed with the plaintiff; and at page 88 he testifies that the first agreement was apparently only for one year's duration.

The deposition and testimony of defendant Mr. Fox would show that since November 1966, Fibeco, Inc., has rented on a month-to-month basis approximately 4,000 square feet; that of the 100 shares of stock of Fibeco, Inc., Mr. Fox paid for all of the stock at $5.00 per share and made a gift to Mr. Dudek and to Mr. Hopton of five shares each; that approximately $15,000 have been borrowed; that in January 1967, a balance sheet was given to Pratt-Whitney and showed assets of $37,939.70, being mainly cash and equipment; and (at page 97) that Fibeco, Inc., has trade secrets relating to ceramic cores.

An affidavit by Mr. Fox dated June 22, 1967, states that Fibeco, Inc., is "presently engaged in completing a job

for General Electric Corporation," and further, "the contract involves development and building of the supersonic transport."

The affidavit and testimony of Edward S. Bale, Administrative Director of Research and Development for plaintiff, and the affidavit and testimony of John Webb, Vice President of plaintiff, show the results of a laboratory analysis of Fibeco cores compared to Sherwood cores, and the similarities and properties of these two products.

Among other things, the plaintiff claims that the General Electric supersonic transport contract was one that plaintiff had bid on and lost to the defendants.

The defense is based on the fact that all of the items in the process, and formulation and the production of ceramic cores are in the public domain, and that anyone could go to various libraries and put together a ceramic core similar to the one produced by the plaintiff and the defendant.

The defendants claim for their product confidential matters and trade secrets.

CONCLUSIONS OF LAW

The following cases are in point:

*Cincinnati Bell Foundry Co.* v. *Dodds* (1887), 19 Bull. 84, 10 Dec. Rep. 154, Superior Court, Cincinnati; *B. F. Goodrich Co.* v. *Wohlgemuth* (1963), 117 Ohio App. 493; *Conforming Matrix Corp.* v. *Faber* (1957), 104 Ohio App. 8; *Fremont Oil* v. *Marathon* (1963), 92 Ohio Law Abs. 76.

The *Cincinnati Bell case* is very similar to the subject case and if its age is suspect we may look at the more recent decisions, especially the *B. F. Goodrich case.*

In two days of hearing and then later studying the depositions that were submitted by all parties, plus a review of all the facts and law, the court has come to this conclusion:

Three men, two of them who were still employed by the plaintiff, formed a new corporation. Perhaps one of them could not have produced a ceramic core on his own application. However, the combination of the three individual defendants forming a new corporation, Fibeco, Inc., has made the conclusion inescapable that the product is essen-

tially the same as the plaintiff's product while other competing manufacturers have been unable over the years to bring their product to such a degree of performance or standard.

The defendants claim they now have something that is a trade secret and something that is confidential. They were not forced to divulge in court what their matters of trade secrets and confidential matters concerned, nor were the plaintiffs.

Without the nondisclosure agreements this court might have granted a temporary injunction. Adding nondisclosure agreements to the case law of this state the court certainly sees its duty to grant a temporary injunction as prayed for save and except the completion of the General Electric supersonic transport contract which Mr. Fox has stated in his affidavit as being "in completion" and "within the time specified by our contract." In the national interest no one is going to enjoin the GE-SST contract.

The court finds that plaintiff has trade secrets and confidential information; that the items used by the defendants were not all in the public domain; that the post-job restrictions upon the individual defendants by agreement or otherwise are not unconscionable.

Certainly new manufacturers and new processes must be encouraged. Unfortunately, defendant has added only a manufacturing organization.

The sudden emergence of a similar and competing product by three former employees all of whom had signed nondisclosure agreements is the basis for this ruling.

The plaintiff under Section 2727.07, Revised Code, should furnish a bond of $1,000.

It is the order of this court that a temporary injunction as prayed for subject to the aforementioned exception is granted.

Exceptions saved.

*Temporary injunction granted.*